IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 86919-1-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MARCUS DEWON CHANEY, | |
| Appellant. | |

BOWMAN, A.C.J. — In this appeal, Markus Dewon Chaney[1] contends that his conviction of unlawful possession of a firearm in the first degree infringes his right to bear arms for self-defense and that his offender score is incorrect. We affirm Chaney's conviction but remand to the trial court to correct Chaney's offender score in his judgment and sentence.

FACTS

In March 2022, the State charged Chaney with one count of murder in the second degree (Count 1) and one count of unlawful possession of a firearm in the first degree (Count 2). Both counts arose from a February 2022 incident in which Chaney shot another man in downtown Seattle.

---

[1] The court explained during trial that the correct spelling of Chaney's first name is "Markus" and used that spelling in its instructions to the jury and jury verdict forms.

The trial court bifurcated Count 1 and Count 2 for trial. The State tried Count 1 to a jury, and Chaney's theory was self-defense. The jury found Chaney not guilty of murder in the second degree as charged in Count 1.

The State then tried Count 2 to the bench based on evidence that included the testimony from the jury trial on Count 1. After trial, the court made the following findings of fact:

1. On February 27, 2022, the Defendant, Mar[k]us Chaney, was in possession of a firearm.
2. The Defendant had previously been convicted of a serious offense as defined by RCW 9.41.010.
3. AFIS[2] [10-]print examiner, Barry Fung, took the Defendant's fingerprints on August 10, 2023.
4. Mr. Fung testified on September 5, 2023 that the right index print from the [10-]print was a match for the Defendant's right index print on the Judgment and Sentence on Pierce County Superior Court case 09-1-02112-2, for Robbery in the First Degree and Attempted Robbery in the First Degree.
5. The Defendant testified on September 11, 2023. Defendant admitted to being in possession of a firearm and shooting the victim . . . .
6. In his statement to police on March 22, 2022, the defendant acknowledged that he was a "felon" and inferred that he knew he was prohibited from possessing a firearm based on that conviction.

The court concluded that the State proved the elements of unlawful possession of a firearm beyond a reasonable doubt and found Chaney guilty of Count 2.

The court sentenced Chaney to 116 months of confinement. Consistent with the parties' agreed resolution of this cause and two other cause numbers, the court ordered that the sentence run concurrently with Chaney's sentences on

---

[2] Automated fingerprint identification system.

the two other causes.  On Chaney's judgment and sentence, the trial court indicated that his offender score was 30.

Chaney appeals.

ANALYSIS

Chaney contends that his conviction of unlawful possession of a firearm in the first degree infringes his right to bear arms for self-defense and that his offender score is incorrect.  We address each argument in turn.

1.  Conviction

Chaney asserts that both the Second Amendment to the United States Constitution and article I, section 24 of the Washington Constitution protect his right to bear arms in self-defense.  He contends that because a jury accepted his self-defense theory on Count 1, his conviction on Count 2 can stand only if the trial court found that he possessed a firearm "outside of" the episode of self-defense.  And Chaney argues that because the trial court found that Chaney possessed a firearm only on February 27, 2022 without further "specifying the timing" of his possession of the firearm on that date, the court's findings are insufficient to support his conviction.  We need not reach his constitutional argument because, even assuming his Second Amendment analysis has merit, sufficient evidence supports his conviction.

Chaney relies on *State v. Homan*, 181 Wn.2d 102, 330 P.3d 182 (2004), for the proposition that in considering a sufficiency challenge after a bench trial, "this Court must utilize the trial court's findings of fact as the basis for review, *not*

*the entirety of the evidence presented at trial.*"[3]  But as Chaney acknowledges in his reply brief, our Supreme Court recently abrogated *Homan* in *State v. Roberts*, ___ Wn.3d ___, 572 P.3d 1191 (2025), which the court decided after Chaney filed his opening brief.  In *Roberts*, the court explained that *Homan* "misspoke" when reciting the standard for a sufficiency challenge following a bench trial.  *Roberts*, 572 P.3d at 1199.  The correct test is—and always has been— "whether, after viewing *all* the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt."  *Id.* at 1195.

Here, there is evidence from which a rational trier of fact could find that Chaney possessed a firearm outside the time that he used it in self-defense.  Indeed, Chaney himself testified that he possessed the firearm before the self-defense episode.  So, assuming without deciding that both the federal and state constitutions protect his right to bear arms in self-defense to the extent that Chaney claims they do, Chaney fails to show that his conviction is unconstitutional.

2.  Offender Score

Chaney next asserts his judgment and sentence incorrectly states that his offender score is 30 instead of 20.  Chaney argues that remand is required to correct this error and he does not seek resentencing.  The State concedes that Chaney's offender score was actually 20 and does not object to "remand for the

---

[3] Emphasis added.

limited purpose of a ministerial correction of his judgment and sentence." We accept the State's concession.

We affirm Chaney's conviction of unlawful possession of a firearm in the first degree and remand to the trial court solely to correct Chaney's offender score in his judgment and sentence.

_____, ACJ

WE CONCUR:

_____Díaz, J._____          _____Mann, J._____